UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DIALLO SEWELL,**
        **Plaintiff,**

v.                                        Case No. 2:24-cv-3273
                                            JUDGE EDMUND A. SARGUS, JR.
                                            Magistrate Judge Chelsey M. Vascura

**LC PRESERVE CROSSING, LLC,**
        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant LC Preserve Crossing, LLC's First Motion to Dismiss for Failure to State a Claim (Mot., ECF No. 5) and Plaintiff Diallo Sewell's Memo in Support of Its Motion for Summary Judgment (ECF No. 7). For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED as moot** (ECF No. 7).

**I.    STANDARD OF REVIEW**

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal

quotations omitted).

"[P]*ro se* litigants are to be afforded liberal construction of their pleadings and filings." *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Lab.*, 461 F. App'x 411, 414 (6th Cir. 2012) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)). Even so, courts should not be left to guess at the nature of the claims asserted. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (unpublished) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff's *pro se* complaint does not meet Rule 8's basic pleading requirements. Defendant explains it cannot respond "with any reasonable certainty because it is unclear how or why Defendant is being sued." (ECF No. 5, PageID 33.) Defendant guesses that Plaintiff is attempting to relitigate or appeal issues that he lost in the Franklin County Court of Common Pleas and in the Court of Appeals of Ohio, Tenth Appellate District. *See Sewell v. LC Pres. Crossing, LLC*, Case No. 23-cv-928 (Franklin Cnty. Ct. Com. Pls. Jan. 31, 2024); *Sewell v. LC Pres. Crossing, LLC*, No. 24-AP-152 (10th Dist. Ohio Ct. App. Apr. 25, 2024). If that is Plaintiff's attempt here, he could have appealed the Tenth District's decision to the Supreme Court of Ohio, but his remedy does not lie in this Court.

Defendant also postulates that Plaintiff is a sovereign citizen asserting that he should be able to trademark his name. (Mot. PageID 34.) Generally, "sovereign citizens believe that the United States Government, including the IRS, is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (citations and quotations omitted). Federal courts have routinely found such theories to be meritless. *See DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 164506, at *3 (S.D. Ohio Jan.

15, 2013) (collecting cases).

Defendant asks the Court to "consider whether sanctions are appropriate for the Plaintiff's frivolous conduct" but does not elaborate to provide reasoning or support for that request. (Mot. PageID 33.) The Court is aware of only one other lawsuit that Plaintiff filed in this Court, over which the Undersigned presided. *See In re: Diallo Sewell*, Case No. 2:24-mc-003 (S.D. Ohio Oct. 4, 2024). Plaintiff's case was dismissed without prejudice for lack of subject-matter jurisdiction. *Id.*, ECF No. 8. The Court declines to issue sanctions at this time, but warns Plaintiff that future frivolous filings could result in an order of sanctions in the form of, including, but not limited to, reasonable attorneys' fees, or declaring Plaintiff to be a vexatious litigator.

### III. CONCLUSION

Defendant's First Motion to Dismiss for Failure to State a Claim is **GRANTED**. (ECF No. 5.) Because Plaintiff's case is dismissed on Defendant's 12(b)(6) Motion, Plaintiff's Memo in Support of Its Motion for Summary Judgment is **DENIED as moot**. (ECF No. 7.) The Clerk is **DIRECTED** to enter judgment, to terminate this case on the Court's docket, and to mail a copy of this Opinion and Order to Diallo Sewell at 3700 Preserve Crossing Blvd., Gahanna, Ohio 43230.

**IT IS SO ORDERED.**

**3/19/2025**             s/Edmund A. Sargus, Jr.
**DATE**                  **EDMUND A. SARGUS, JR.**
                          **UNITED STATES DISTRICT JUDGE**